UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA CASEY, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC; and DOES 1-10, inclusive<br><br>Defendants. | Case No.: 20-cv-299-WQH-MSD<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Second Amended Complaint filed by Plaintiff Rebecca Casey. (ECF No. 32).

**I.   BACKGROUND**

On September 15, 2020, Plaintiff Rebecca Casey filed a First Amended Class Action Complaint against Defendants General Motors, LLC ("GM") and Does 1 through 10. (ECF No. 14). On September 29, 2020, Defendant GM filed a Motion to Dismiss. (ECF No. 16). On April 13, 2021, the Court issued an Order granting the Motion to Dismiss and dismissing the First Amended Class Action Complaint without prejudice and with leave to file a motion for leave to amend. (ECF No. 26).

On May 20, 2021, Plaintiff filed a Motion for Leave to File Second Amended Complaint. (ECF No. 32). Plaintiff seeks to amend the Complaint to eliminate the claims for fraud and for violation of the Consumer Legal Remedies Act ("CLRA"). Plaintiff seeks to assert new factual allegations and new causes of action for violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 ("Song-Beverly Act"), and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"). Plaintiff contends that the proposed amendments resolve the issues identified by the Court in the Order granting the Motion to Dismiss. Plaintiff contends that GM would not be prejudiced by amendment because the new claims arise from the same facts pled in the First Amended Class Action Complaint.

On June 7, 2021, GM filed an Opposition to the Motion for Leave to File Second Amended Complaint. (ECF No. 35). GM contends that amendment would be futile because the new claims are subject to dismissal. GM contends that the new claims are not based on newly discovered facts, and the proposed amendments fail to address the deficiencies identified by the Court in the Order granting the Motion to Dismiss.

On June 14, 2021, Plaintiff filed a Reply. (ECF No. 35). Plaintiff contends that amendment is not futile and that GM's assertion that the proposed amended complaint fails to state a claim is premature.

## II.   LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178,

182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## III.  RULING OF THE COURT

In the proposed amended complaint, Plaintiff deletes the claims for fraud and for violation of the CLRA. Plaintiff adds new factual allegations and new claims for violations of the Song-Beverly Act and the UCL, arising from the alleged Fuse Block Defect in GM Class Vehicles. "[T]he sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); *see Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare."). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. The Court will defer consideration of the challenges to the merits of the proposed amended complaint until after the amended pleading is filed. *See Netbula*, 212 F.R.D. at 539 ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *Hynix Semiconductor, Inc. v. Toshiba Corp.*, No. C-04-4708 VRW, 2006 U.S. Dist. LEXIS 82148, at *6 (N.D. Cal. Oct. 31, 2006) (Defendant's challenges to the merits of a proposed amended pleading "should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend."). GM has not made "a strong showing" that it would be prejudiced by the addition of the new claims or that the remaining *Foman* factors warrant deviating from the "presumption under

1  Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052
2  (emphasis omitted).
3      IT IS HEREBY ORDERED that the Motion for Leave to File Second Amended
4  Complaint (ECF No. 32) is granted. Plaintiff shall file the proposed amended complaint
5  attached to the Motion (ECF No. 32-1) within five (5) days of the date of this Order.
6  Dated: July 19, 2021

                        Hon. William Q. Hayes
                        United States District Court